Fred W. Triem
Alaska Bar No. 7912140
Box 129
Petersburg, AK
99833-0129
(907) 772-3911 (phone & fax)
*triemlaw@alaska.net*
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA — FIRST JUDICIAL DISTRICT AT JUNEAU

| | |
|---|---|
| KAREN E. ELLINGSTAD, AND CLIFFORD W. TAGABAN, *Plaintiffs,* vs. KAKE TRIBAL CORPORATION [KTC], JEFFREY W. HILLS, ROBERT D. MILLS MICHAEL J. BARTLETT, LORRAINE WILSON JACKSON, AND ELLIE JACKSON *Defendants.* | Case No. _____ |

**COMPLAINT FOR FRAUDULENT DEBT COLLECTION PRACTICES AND DEFAMATION**

**(Federal Fair Debt Collection Practices Act – 15 U.S.C. §§ 1692a - 1692p)**

Karen E. Ellingstad and Clifford W. Tagaban, plaintiffs in the above-captioned action, by and through their attorney, Fred W. Triem of Petersburg, Alaska, for their cause of action allege and aver as follows:

FRED W. TRIEM
Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
*triemlaw@alaska.net*
(907) 772-3911

+ COMPLAINT for FRAUDULENT DEBT COLLECTION PRACTICES AND DEFAMATION, etc.   21 April 2021
  *Ellingstad, et al. v. Kake Tribal Corp. [KTC], et al.*                   Page 1 of 5

Case 1:21-cv-00008-SLG   Document 1   Filed 04/21/21   Page 1 of 5

## I. PARTIES –Victims, Corporation, Corporate Officers

(1) Plaintiff Karen E. Ellingstad is a paralegal who is employed in the law office of Fred W. Triem, the attorney who successfully prosecuted the 1990 class action suit against KTC for which KTC has not yet paid the Judgment that was entered in 1994 and affirmed on appeal in 1997. [1]

(2) Plaintiff Cliff Tagaban [hereinafter: Tagaban] is a shareholder of Kake Tribal Corporation.

(3) Kake Tribal Corporation [hereinafter: "KTC"] is an Alaska Native Village Corporation, as this term is defined in the Alaska Native Claims Settlement Act [ANCSA] § 3(j) [43 U.S.C. § 1602(j)]. KTC is incorporated in Alaska; KTC presently is a business-for-profit corporation in good standing with the Alaska Department of Commerce, Community, and Economic Development.

(4) Defendant Jeffrey W. Hills is the chief executive officer [CEO] of KTC.

(5) Defendant Robert D. Mills is the president of KTC, a member of its board of directors, and holds other offices within KTC's subsidiary and affiliate business enterprises and related corporations.

(6) Michael J. Bartlett is KTC's executive officer and in-house legal officer.

(7) Defendant Lorraine Wilson Jackson is the corporate secretary and operating officer of KTC.

(8) Defendant Ellie Jackson is the shareholder relations officer at KTC.

---

[1] *Hanson v. KTC,* 939 P.2d 1320, 1324 (Alaska 1997) (Matthews, J.) ("II. A. *Payments under the Plan Were Illegal*: .... Because no provision of ANCSA authorizes the plan, the payments in this case were illegal.") (italics in the original).

**FRED W. TRIEM**

Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
*triemlaw@alaska.net*

(907) 772-3911

+ COMPLAINT FOR FRAUDULENT DEBT COLLECTION PRACTICES AND DEFAMATION, ETC. 21 April 2021
  *Ellingstad, et al. v. Kake Tribal Corp. [KTC], et al.* Page 2 of 5

Case 1:21-cv-00008-SLG   Document 1   Filed 04/21/21   Page 2 of 5

## II. JURISDICTION – Federal Question

## FDCPA, Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a- 1692o

(9) This court has original jurisdiction over this civil action under 28 U.S.C. § 1331 because this suit arises under the laws of the United States, specifically: The FDCPA, 15 U.S.C. §§ 1692a, *et seq.*, as further explained in ¶¶ 10, *et seq.*, below.

(10) This court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the state law claims are so closely related to the federal claims that they form part of the same case and controversy under Article III of the United States Constitution, as explained in ¶¶ 11, et seq., below.

(11) The United States District Court for the District of Alaska (i.e., *this* court) has personal jurisdiction over all of the parties to this action.

## III. VENUE – First Judicial District [28 U.S.C. § 81A]

(12) Venue is proper at Juneau, within the First Judicial District, because KTC maintains its headquarters and principal office in Kake, Alaska, which is situated within the First Judicial District, approximately 150 kilometers (90 miles) south of Juneau and approximately 175 kilometers (110) miles north of Ketchikan, Alaska.

(13) Juneau is one of the venue locations recognized in 28 U.S.C. § 81A.

**FRED W. TRIEM**

Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
*triemlaw@alaska.net*

(907) 772-3911

+ COMPLAINT FOR FRAUDULENT DEBT COLLECTION PRACTICES AND DEFAMATION, ETC.     21 April 2021
   *Ellingstad, et al. v. Kake Tribal Corp. [KTC], et al.*     Page 3 of 5

Case 1:21-cv-00008-SLG   Document 1   Filed 04/21/21   Page 3 of 5

## IV. PREDICATE FACTS

## KTC violates the FDCPA by inventing false claims of fictional debt and then sending threats to the plaintiffs and to their family members

(14) KTC has invented a fictional debt for "demurrage," which KTC claims is owed by the plaintiffs.

(15) KTC is sending frequent, periodic "invoices" to the plaintiffs for its fictional "demurrage" debt, which increase by $9,000.00 per day plus a claim for interest.

(16) KTC has threatened the plaintiffs with a wide variety of harms, including incarceration and physical violence. For example, KTC has issued a threat: "[T]hen we call in the debt collectors. You won't like them."

(17) KTC's threats include rendering the plaintiffs poor: "In Tagaban's case he will be very poor after we have finished with him."

(18) KTC had made false claims that it has obtained judgment(s) against the plaintiffs for its "demurrage" claims in courts in Louisiana and in The Hague; but no such judgments have been issued by any court in the United States or elsewhere.

**FRED W. TRIEM**

Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
*triemlaw@alaska.net*

(907) 772-3911

+ COMPLAINT FOR FRAUDULENT DEBT COLLECTION PRACTICES AND DEFAMATION, ETC.  21 April 2021
  *Ellingstad, et al. v. Kake Tribal Corp. [KTC], et al.*  Page 4 of 5

Case 1:21-cv-00008-SLG   Document 1   Filed 04/21/21   Page 4 of 5

## V.  PRAYER FOR RELIEF

For the reasons stated above, the plaintiffs assert the following affirmative claims and they request that this Court grant the following relief:

(A) A declaration that the Federal District Court has subject matter jurisdiction because: (1) KTC's conduct violates federal and state laws and (2) KTC's actions (or failures to take action required by law) violate the plaintiffs'' legal rights.

(B) A declaration that KTC's actions, as described in this Complaint, are illegal and contrary to federal and state law.

(C) An injunction to prohibit the continuation or repetition of KTC's illegal conduct and prohibited debt collection claims and procedures.

(D) An order awarding plaintiff monetary damages.

(E) An order awarding plaintiffs their attorney's fees and costs.

(F) Orders awarding plaintiffs such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of April in 2021 at Petersburg, Alaska.

*Fred W. Triem*

Fred W. Triem –Attorney for Plaintiffs
Alaska Bar # 7912140
triemlaw@alaska.net

**FRED W. TRIEM**

Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
triemlaw@alaska.net

(907) 772-3911

+ COMPLAINT FOR FRAUDULENT DEBT COLLECTION PRACTICES AND DEFAMATION, ETC.     21 April 2021
*Ellingstad, et al. v. Kake Tribal Corp. [KTC], et al.*     Page 5 of 5

Case 1:21-cv-00008-SLG   Document 1   Filed 04/21/21   Page 5 of 5